1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   JANIE DAYANA GARCIA GARCIA, an
     individual and on behalf of all others
12   similarly situated,                          No. 2:24-cv-01993-TLN-CKD

13                   Plaintiff,

14         v.                                      **ORDER**

15   ANANE ENTERPRISE LLC; AMAZON
     LOGISTICS, INC.; AMAZON.COM
16   SERVICES, LLC; AMAZON.COM
     SERVICES, INC.; and DOES 1 through
17   100, inclusive

18                   Defendants.

19

20

21         This matter is before the Court on Defendants Amazon Logistics, Inc., Amazon.com

22   Services LLC, and Amazon.com Services, Inc. (collectively, "Amazon Defendants") Motion to

23   Dismiss and Strike.[1]  (ECF No. 11.)  Plaintiff Janie Dayana Garcia Garcia ("Plaintiff") filed an

24   opposition.  (ECF No. 14.)  Amazon Defendants filed a reply.  (ECF No. 16.)  For the reasons set

25   forth below, the Court GRANTS in part and DENIES in part the motion to dismiss and DENIES

26   as moot the motion to strike.

27   _____

28   [1]      Anane Enterprise LLC is also listed as a named defendant in this action but does not join
     in the instant motion.

                                                  1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Amazon Defendants and Anane Enterprise LLC's ("Anane") (collectively, "Defendants") alleged wage and hour violations.  (ECF No. 1-2.)  Plaintiff alleges she worked for Defendants from approximately June 2022 to the present.[2]  (ECF No. 1-2 ¶ 2.) Plaintiff alleges her job duties "included but were not limited to, sorting packages, putting packages on shelves, in trucks and also deliver[ing] packages to clients."  (*Id.*)

On June 14, 2024, Plaintiff filed her Complaint in San Joaquin County Superior Court on behalf of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of [the] Complaint[.]"  (*Id.* ¶ 26.)  Plaintiff alleges ten causes of action for: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to pay all wages due upon termination; (6) failure to provide accurate wage statements; (7) failure to timely pay wages during employment; (8) failure to indemnify necessary business expenses; (9) failure to pay for unused and vested vacation days; and (10) failure to abide by unfair competition law.  (*Id.* at 13–26.)  On July 22, 2024, Amazon Defendants removed the action to this Court.  (ECF No. 1.)  Amazon Defendants then filed the instant motion to dismiss and strike on August 26, 2024.  (ECF No. 11.)

## II.  MOTION TO DISMISS

### A.  Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2]    The Court construes Plaintiff's usage of "the present" to refer to the date Plaintiff originally filed her Complaint — June 14, 2024.

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  Only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

1    1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

2    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

3    amend even if no request to amend the pleading was made, unless it determines that the pleading

4    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

5    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

6    *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

7    denying leave to amend when amendment would be futile).  Although a district court should

8    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

9    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

10    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

11    *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

12    B.    Analysis

13    Amazon Defendants move to dismiss Plaintiff's complaint in its entirety based on

14    impermissible group pleading and argue in the alternative that Plaintiff fails to plead sufficient

15    facts to state her claims.  (ECF No. 11 at 14–26.)  Amazon Defendants also argue Plaintiff fails to

16    allege commonality among class members.  (*Id.* at 26–28.)  The Court will address each of these

17    arguments in turn.

18    i.    *Group Pleading, Joint Employer Liability, and Alter Ego*

19    Amazon Defendants argue the entire Complaint should be dismissed because it

20    improperly refers to Amazon Defendants and Anane as "Defendants" generally throughout the

21    Complaint, which ultimately fails to provide each party with fair notice of the specific grounds

22    for Plaintiff's claims against them.  (ECF No. 11 at 15 (citing ECF No. 1-2).)  Amazon

23    Defendants further contend that, even though Plaintiff seeks to hold Defendants liable as her joint

24    employers, she fails to set forth facts to establish Amazon Defendants and Anane collectively

25    managed her working conditions.  (*Id.* at 15–16.)  In fact, Amazon Defendants assert that, rather

26    than alleging any facts for the elements of an employment relationship, Plaintiff generally asserts

27    that each "employed Plaintiff."  (*Id.* (citing ECF No. 1-2).)

28    ///

4

1    In opposition, Plaintiff argues the Complaint goes into extensive detail regarding the joint

2    liability connection between Amazon Defendants and Anane.  (ECF No. 14 at 9.)  Plaintiff also

3    contends the alter ego allegations are clearly more than sufficient to pass scrutiny at this early

4    stage of litigation.  (*Id.* (citing ECF No. 1-2).)

5    In reply, Amazon Defendants contend Plaintiff's opposition does not respond to their

6    argument concerning "group" pleading, thereby conceding this point.  (ECF No. 16 at 2.)

7    Amazon Defendants argue that while Plaintiff focuses on boilerplate alter ego allegations, their

8    argument is centered on Plaintiff's indiscriminate use of "Defendants" throughout the Complaint,

9    not alter ego liability.  (*Id.* at 3.)  Moreover, Amazon Defendants assert that, with respect to joint

10   employer liability, Plaintiff only provides conclusory allegations.  (*Id.* at 3.)  To that end, Amazon

11   Defendants note that Plaintiff does not allege enough facts indicating that Amazon Defendants

12   controlled any aspect of Plaintiff's or other class members' working conditions during their

13   employment with Anane to render it a joint employer.  (*Id.*)

14   The Court will first address Amazon Defendants' group pleading argument, and then

15   evaluate Plaintiff's joint employer liability and alter ego allegations.

16                               *a)      Group Pleading*

17   A pleading's basic function is to "give the defendant fair notice of what the . . . claim is

18   and the ground upon which it rests[.]"  *Twombly*, 550 U.S. at 555.  If the pleading does not make

19   clear "whom plaintiffs are suing [and] for what wrongs, [it] fails to perform the essential

20   functions of a complaint" and must be dismissed.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th

21   Cir. 1996).  "For this reason, courts do [not] permit plaintiffs to proceed on a complaint that

22   groups defendants together, attributing acts performed by one to all defendants without some

23   explanation as to why those acts are attributable."  *Dawson v. One Call Med., Inc.*, No. 3:20-cv-

24   01188-LAB-KSC, 2021 WL 5513516, at *2 (S.D. Cal. Sept. 21, 2021).

25   In the instant case, Plaintiff's Complaint refers to Amazon Defendants and Anane as

26   "Defendants" generally throughout.  (ECF No. 11 at 15 (citing ECF No. 1-2)).  Without more,

27   Plaintiff's Complaint would normally be dismissed in its entirety because it groups Amazon

28   Defendants and Anane together, "attributing acts performed by one to all [D]efendants without

1    some explanation as to why those acts are attributable." *Dawson*, 2021 WL 5513516, at *2.

2    However, Plaintiff purports to advance her claims under alter ego and joint employer theories of

3    liability, two situations in which collective pleading would be appropriate where "collective

4    allegations are used to describe the actions of multiple defendants who are alleged to have

5    engaged in precisely the same conduct." *United States ex rel. Ginger v. Ensign Grp., Inc.*, No.

6    8:15-cv-00389-JWH-DFMx, 2022 WL 4110166, at *3 (C.D. Cal. Mar. 10, 2022); *see also Myles*

7    *v. Builders Concrete, Inc.*, No. 1:21-cv-01309-DAD-BAK, 2022 WL 2318176, at *4 (E.D. Cal.

8    June 28, 2022).  The Court will next evaluate whether Plaintiff's Complaint sets forth sufficient

9    facts to establish joint employer liability and/or alter ego liability.

10                              *b)    Joint Employer Liability*

11           A defendant must be the plaintiff's employer to be liable for violations under the

12    California Labor Code.  *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 947 (N.D. Cal. 2019).

13    "California courts rely on the definitions provided in California's Industrial Welfare

14    Commission's ('IWC') wage orders in determining whether an employment relationship

15    exists." *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN, 2012 WL 5704403, at *12

16    (E.D. Cal. Nov. 15, 2012) (citing *Martinez v. Combs*, 49 Cal. 4th 35, 52 (2010)).  The IWC sets

17    forth three alternative definitions of what it means "to employ": "(a) to exercise control over

18    wages, hours or working conditions[;] (b) to suffer or permit to work[;] or (c) to engage, thereby

19    creating a common law employment relationship." *Martinez*, 49 Cal. 4th at 64.

20           Even if business entities are distinct, they can both be considered joint employers if they

21    share control of the terms and conditions of an individual's employment.  *Terrell v. Samuel, Son*

22    *& Co. (USA), Inc.*, No. EDCV 20-587 JGB (KKx), 2020 WL 5372107, at *2–3 (C.D. Cal. Apr.

23    23, 2020) (concluding plaintiff's "conclusory allegations . . . are entirely devoid of the necessary

24    differentiation between [d]efendants to determine the 'totality of the working relationship of the

25    parties").  "Whether two entities are 'joint employers' is a legal conclusion that, under California

26    law, depends on a factual inquiry into the totality of the working relationship of the parties." *Id.*

27    (citing *Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D.

28    Cal. Mar. 2, 2009)).  "While [the] plaintiff is not required to conclusively establish that

defendants were her joint employers at the pleading stage, [the] plaintiff must at least allege *some* facts in support of this legal conclusion." *Myles*, 2022 WL 2318176, at *3 (emphasis in original) (quoting *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 939 (N.D. Cal. 2016)).

Here, the Court finds Plaintiff does not sufficiently allege joint employer liability against Amazon Defendants and Anane. In referring to Defendants generally throughout the Complaint, Plaintiff alleges that "for at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion[.]" (ECF No. 1-2 ¶ 20.) Pursuant to the IWC definition of an employer, this is sufficient to show that Defendants "exercised control over wages, hours, or working conditions." *Martinez*, 49 Cal. 4th at 64. However, the Court nevertheless finds Plaintiff fails to set forth *some* facts as to how each party exercised joint authority over the terms and conditions of her employment. *Myles*, 2022 WL 2318176, at *3. In particular, the Court concludes Plaintiff has failed to allege facts sufficient to illustrate the "totality of the working relationship of the parties." *Terrell*, 2020 WL 5372107, at *3. This ultimately prevents the Court from differentiating between Defendants for purposes of establishing joint employer liability. *Id.* For these reasons, Plaintiff's conclusory allegations fail to go beyond mere recitations of the elements of joint employer liability.

*c)    Alter Ego*

Alter ego liability implies "that two [d]efendants are — for all intents and purposes — the same [d]efendant." *United States ex rel. Ginger*, 2022 WL 4110166, at *3. "[A]lter ego liability depends on both: (1) such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist[;] and (2) adherence to the fiction of separate existence would, under the circumstances, promote fraud or injustice." *Myles*, 2022 WL 2318176, at *5 (quoting *Ming-Hsiang Kao v. Holiday*, 58 Cal. App. 5th 199, 205 (2020)). To decide whether unity of interest and whether the fiction of a separate existence would promote fraud or injustice, courts look to the following non-exhaustive list of factors:

///

(i) commingling of funds and other assets; (ii) treatment by an individual of the assets of the corporation as his own; (iii) the failure to maintain adequate corporate record; (iv) sole ownership of all of the stock in a corporation by the members of a family; (v) the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual; (vi) the concealment of personal business activities; (vii) the use of the corporate entity to procure labor, services or merchandise for another person or entity; or (viii) the use of a corporation as a subterfuge of illegal transactions.

*Id.* (citing *Ming-Hsiang Kao*, 58 Cal. App. 5th at 206). "To properly plead an alter ego cause of action, a plaintiff must plead the elements of alter ego and factors in support of those elements." *Id.* (quoting *Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. 3:13-cv-01247 JSW, 2013 WL 3877596, at *5 (N.D. Cal. July 25, 2023)). The pleading requirements for an alter ego theory of liability are "not strict" at the motion to dismiss stage. *Parker v. Country Oaks Partners, LLC*, No. SACV 23-00195-CJC (KESx), 2023 WL 3149330, at *3 (C.D. Cal. March 22, 2023). This is primarily because "the most damning evidence of the unity of interest and identity is often in the hands of the corporation and its principals and can be found nowhere else." *Id*. (internal quotations and citation omitted). To that end, "it is sufficient for a plaintiff to plead only two or three of the factors showing unity of interest or identity to withstand a motion to dismiss." *Id*. (internal quotations and citation omitted).

Here, the Court finds Plaintiff sufficiently alleges alter ego liability against Anane and Amazon Defendants. According to the Complaint, "Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of ANANE, ASL, ALI, ASI, and DOES 1 through 50 . . . and each of them, are one and the same with . . . DOES 51 through 100[.]"[3] (ECF No. 1-2 ¶¶ 5–11.) Furthermore, Plaintiff alleges "there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist." (*Id.* ¶ 9.) Plaintiff also alleges facts that show a unity of interest between Amazon Defendants and Anane and that the fiction of a separate existence

---

[3]    In the Complaint, Plaintiff refers to "ANANE, ASL, ALI, ASI, and DOES 1 through 50" as the "Alter Ego Defendants" and DOES 51 through 100 as the "Individual Defendants." (ECF No. 1-2 at 5.)

1 would promote fraud or injustice.  (*See, e.g.*, *id.* ¶ 10.)

2        Under the non-exhaustive list of factors that courts may consider when deciding unity of

3 interest and whether the fiction of a separate existence would promote fraud and injustice,

4 Plaintiff alleges enough facts to show commingling, the use of a corporation as a mere shell, and

5 the use of a corporate entity to procure labor, services or merchandise for another person or

6 entity.  *Myles*, 2022 WL 2318176, at *5.  To that end, Plaintiff has successfully alleged alter ego

7 liability between Amazon Defendants and Anane.  For all intents and purposes, the Court

8 considers Amazon Defendants and Anane the same Defendants at this stage.  *See United States ex*

9 *rel. Ginger*, 2022 WL 4110166, at *4.  Accordingly, Amazon Defendants' motion to dismiss

10 based on impermissible group pleading is DENIED.

11                *ii.*        *Claims One and Two: Overtime and Minimum Wage Claims*

12        Amazon Defendants argue the Court "should dismiss Plaintiff's claims for minimum wage

13 and overtime violations under the California Labor Code because her allegations are devoid of

14 any supporting facts."  (ECF No. 11 at 17.)  Amazon Defendants contend *Landers v. Quality*

15 *Commc'ns*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), provides the controlling

16 standard for unpaid overtime and minimum wage claims on a motion to dismiss and Plaintiff fails

17 to meet this standard.  (*Id.* at 17–18.)  Specifically, Defendants assert there are no facts about

18 what alleged work Plaintiff supposedly did off-the-clock, whether she received any discretionary

19 bonuses or incentive pay not factored into an overtime payment, whether her records were ever

20 rounded to her detriment, or when this allegedly happened to Plaintiff (i.e., a specific workweek

21 in which any of the foregoing happened and caused her to suffer either a minimum wage or

22 overtime violation).  (*Id.* at 18–19.)

23        In opposition, Plaintiff argues Amazon Defendants' heavy reliance on *Landers* "as

24 purportedly standing for the proposition that a plaintiff must 'allege at least one workweek [s]he

25 worked in excess of forty hours and was not paid for the excess hours in that workweek, or was

26 not paid minimum wages[]' is misplaced."  (ECF No. 14 at 11.)  Plaintiff notes courts have not

27 required plaintiffs to identify particular days or weeks when their rights were violated, nor the

28 number of overtime hours worked in order to state a claim, and *Landers* indicated stating the type

1    of unpaid work was likely sufficient.  (*Id.*)  Plaintiff contends the defendant in *Varsam v. Lab'y*

2    *Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015), raised the same argument as Amazon

3    Defendants, but the district court rejected the argument that a "particular instance" of working

4    more than forty hours in a given workweek without being compensated for the overtime hours be

5    pleaded.  (*Id.* at 11.)  Plaintiff maintains the examples in the Complaint are sufficient to remedy

6    the fact Plaintiff does not state what exact workweek she and other class members worked more

7    than forty hours.  (*Id.* at 13.)  Plaintiff further maintains, with respect to injury, she sufficiently

8    alleges she and other class members worked off the clock during their meal breaks.  (*Id.*)

9         In reply, Amazon Defendants maintain *Benge v. Office Depot, LLC*, No. 2:24-cv-00749-

10   DJC-DB, 2024 WL 3794038, at *3 (E.D. Cal. Aug. 13, 2024), is instructive, as Plaintiff's

11   allegations referenced in her opposition are no different than those found to be inadequate in this

12   case.  (ECF No. 16 at 4.)  Amazon Defendants further maintain Plaintiff's cited authorities

13   demonstrate how her allegations are inadequate.  (*Id.* at 4–5 (collecting citations).)

14        In *Landers*, the Ninth Circuit addressed the degree of specificity required under Rule 8 to

15   state a claim for failure to pay minimum wages or overtime wages under the Fair Labor Standards

16   Act ("FLSA").  771 F.3d at 645.  The Ninth Circuit noted "[a] plaintiff may establish a plausible

17   claim by estimating the length of her average workweek during the applicable period and the

18   average rate at which she was paid, the amount of overtime wages she believes she is owed, or

19   any other facts that will permit the court to find plausibility."  *Id.*  The Ninth Circuit further held

20   that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege

21   that she worked more than forty hours in a given workweek without being compensated for the

22   hours worked in excess of forty during that week."  *Id.*  As another court in the Eastern District

23   has found, "[t]he *Landers* standard has been applied differently by different district courts in this

24   circuit."  *Turner v. LTF Club Mgmt. Co., LLC*, No. 2:20-cv-00046-KJM-JDP, 2022 WL 1018498,

25   at *2 (E.D. Cal. Apr. 5, 2022).  Some courts have required plaintiffs to "plead facts identifying

26   specific calendar weeks in which they were denied overtime pay, minimum wages, a meal break,

27   or a rest break," while other courts have not required that level of specificity.  *Id.*  This Court has

28   evaluated wage-and-hour cases under *Landers* previously but has not explicitly stated which

1  application it follows.  The Court clarifies now that it also "rejects a hypertechnical reading of

2  *Landers* that would require plaintiffs to pinpoint specific dates to survive a motion to dismiss."

3  *Id.* at *3.

4      Therefore, a plaintiff's complaint does not need to contain an estimate of "how much

5  uncompensated time was [worked], how often, and at what rate" to survive a motion to dismiss.

6  *Boon v. Canon Business Solutions, Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015).  A plaintiff need

7  only allege facts demonstrating that there was at least one workweek in which they worked more

8  than forty hours and were not paid overtime wages.  *Id.* (finding the plaintiff's complaint

9  sufficient to survive a 12(b)(6) motion to dismiss where the plaintiff identified "tasks for which

10  he was not paid and alleging that he regularly worked more than eight hours in a day and forty

11  hours in a week").

12      Here, contrary to Amazon Defendants' contention, Plaintiff does not have to identify a

13  particular instance in which "she worked more than forty hours in a given week without being

14  compensated[.]"  *Varsam*, 120 F. Supp. 3d at 1178; *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998,

15  1008 (N.D. Cal. 2016) ("*Landers* does not require the plaintiff to identify an exact calendar week

16  or particular instance of denied overtime").  The Court finds Plaintiff's allegations create

17  plausible claims for failure to pay overtime and minimum wages.  Specifically, Plaintiff alleges

18  she and Class Members worked in shifts of "more than eight hours per workday and/or forty

19  hours in a workweek" without being paid commensurate overtime wages.  (ECF No. 1-2 ¶ 40.)

20  Plaintiff also identifies specific instances in which Amazon Defendants required her and other

21  Class Members to: (1) arrive early and stay late without being able to clock in for the entire time

22  worked; (2) "complete pre-shift tasks before clocking in and post-shift tasks after clocking out";

23  (3) clock out for meal periods but continue working without pay; (4) don and doff uniforms

24  and/or safety equipment without compensation; (5) attend company meetings off the clock; and

25  (6) make phone calls outside of compensated hours.  (*Id.*)

26      In the instant case, Plaintiff sets forth sufficiently detailed facts and does not merely

27  "parrot the language of California's employment statutes."  *Gonzalez v. ProBuild Co., LLC*, No.

28  EDCV 22-00315-CJC (SHKx), 2022 WL 4596579, at *3 (C.D. Cal. July 7, 2022).  Like the

1    plaintiff in *Boon*, Plaintiff has identified tasks for which she was not paid and alleged that she

2    worked more than eight hours in a workday.  *See Boon*, 592 F. App'x at 632.  Taken as a whole,

3    with the tasks described and unpaid hours alleged, the Court concludes Plaintiff's minimum wage

4    and overtime claims are plausible under the *Landers* standard.  Accordingly, Amazon

5    Defendants' motion to dismiss the unpaid overtime and minimum wage claims is DENIED.

6                    *iii.*        *Claims Three and Four: Meal Period and Rest Break Claims*

7            Relying on the Ninth Circuit's non-binding opinion in *Boyack v. Regis Corp.*, 812 F.

8    App'x 428 (9th Cir. 2020), Amazon Defendants contend Plaintiff's conclusory allegations for

9    meal and rest claims fail to reference a workweek in which Plaintiff allegedly suffered violations.

10   (ECF No. 11 at 19–20.)  According to Amazon Defendants, Plaintiff's bare assertions that she

11   and some of the Class Members suffered meal period and rest break violations at an unspecified

12   time are insufficient to state a claim.  (*Id.* at 20.)

13           In opposition, Plaintiff maintains her concrete factual allegations concerning instances in

14   which Amazon Defendants prevented Plaintiff and Class Members from taking meal periods and

15   rest breaks are sufficient to state a claim.  (ECF No. 14 at 14.)  According to Plaintiff, who also

16   relies on *Boyack*, this is especially true because the Ninth Circuit's standard under *Landers* does

17   not require a plaintiff to plead the number of hours worked in a given workweek with

18   mathematical precision.  (*Id.* at 15 (citing 812 F. App'x at 430).)

19           California law requires an employer to provide its non-exempt employees with a thirty-

20   minute meal period for every five hours of work.  Cal. Lab. Code § 226.7.  To be a compliant

21   meal break under California law, "an employer must relieve the employee of all duty for the

22   designated period but need not ensure that the employee does no work."  *Brinker Rest. Corp. v.*

23   *Superior Court*, 53 Cal. 4th 1004, 1034 (2012).  "The employer satisfies this obligation if it

24   relieves its employees of all duty, relinquishes control over their activities and permits them a

25   reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or

26   discourage them from doing so."  *Brinker Rest. Corp.*, 53 Cal. 4th at 1040–41; *Boyack*, 812 F.

27   App'x at 430.  California employers are also mandated by law to afford non-exempt employees

28   ten-minute rest periods "every four hours or major fraction thereof[.]"  Cal. Lab. Code §

226.7(f)(1).  While a plaintiff is not required to plead the number of hours she worked in a given week with mathematical precision, a plaintiff must allege at least one workweek in which the defendant impeded or discouraged the plaintiff from taking breaks.  *Landers*, 771 F.3d at 646; *Boyack*, 812 F. App'x at 430.

Here, the Court finds Plaintiff's allegations create plausible claims for failure to provide meal periods and rest breaks.  Specifically, Plaintiff alleges in the Complaint that Amazon Defendants failed to provide Plaintiff and Class Members with a thirty-minute, uninterrupted meal period for days on which they worked more than five hours and a second thirty-minute, uninterrupted meal period for days on which they worked more than ten hours.  (ECF No. 1-2 ¶¶ 16, 51–52.)  Plaintiff also alleges Amazon Defendants failed to authorize and permit Plaintiff and Class Members to take rest periods of at least ten minutes for every four hours they worked.  (*Id.* ¶¶ 17, 59-60.)  Such facts are sufficient for the Court to reasonably infer that Plaintiff and Class Members worked enough hours in a week to be entitled to at least one rest break and meal period.

Drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff alleges Amazon Defendants impeded Plaintiff and Class Members from taking rest breaks and meal periods.  *See Boyack*, 812 F. App'x at 430.  In fact, the Court disagrees with Amazon Defendants' contention that Plaintiff's cited authority demonstrates the need for more detailed allegations.  *Mayen*, 2022 WL 3587602, at *6 (determining that degree of detail urged by defendants was "simply unnecessary and more akin to what is required  by Rule 9(b), not 8(a)"); *Finder*, 2016 WL 3774269, at *2 (holding that, despite the plaintiff's bare assertions, it could be reasonably inferred that defendants obligated the plaintiff to work without a designated meal period).  In the instant case, Plaintiff alleges enough facts to identify at least one workweek in which Amazon Defendants failed to provide meal periods and rest breaks.  Accordingly, Amazon Defendants' motion to dismiss the meal period and rest break claims is DENIED.

### iv.    Claim Five: Waiting Time Penalties Claim

Amazon Defendants argue Plaintiff cannot state a claim for waiting time penalties because Plaintiff does not allege that she has resigned or been terminated.  (ECF No. 11 at 21.)  Amazon Defendants note Plaintiff only asserts she has been employed by Defendants through the present,

1    and waiting time penalties "are only available to those who have been discharged or quit." (*Id.*

2    (citing *Haralson*, 224 F. Supp. 3d at 943).)  Amazon Defendants also contend Plaintiff's waiting

3    time penalties claim fails independently because it is a derivative claim based upon inadequately

4    pleaded unpaid wage claims.  (*Id.*)  In opposition, Plaintiff asserts her waiting time penalties

5    cause of action is sufficiently alleged because it derives from her unpaid minimum wage, unpaid

6    overtime, and failure to provide rest breaks and meal periods claims, all of which are adequately

7    pleaded.  (ECF No. 14 at 16.)

8        A cause of action for waiting time penalties is only available to employees who have been

9    discharged or who have quit.  *Carceioly v. Khalaf*, No. C11-04200 HRL, 2012 WL 832616, at *2

10   (N.D. Cal. March 12, 2012) (citing Cal. Labor Code § 203); *Haralson*, 224 F. Supp. 3d at 943

11   (citing *Porch v. Masterfoods, USA, Inc.*, 685 F. Supp. 2d 1058, 1075 (C.D. Cal. 2008), *aff'd*, 364

12   F. App'x 365 (9th Cir. 2010)).

13       Here, Plaintiff fails to set forth facts to establish that she has been discharged or that she

14   has quit.  To the contrary, Plaintiff alleges that she "worked for Defendants from approximately

15   June of 2022 through approximately the present."  (ECF No. 1-2 ¶ 2.)  At this juncture, the Court

16   cannot determine "that the pleading could not possibly be cured by the allegation of other facts.'"

17   *Lopez*, 203 F.3d at 1130.  Accordingly, Amazon Defendants' motion to dismiss the waiting time

18   penalties claim is GRANTED with leave to amend.

19                    *v.    Claim Six: Wage Statement Penalties Claim*

20       Amazon Defendants argue Plaintiff's wage statement penalties claim should be dismissed

21   because it fails to provide information about any of the wage statements that she allegedly

22   received and fails to demonstrate how they were inaccurate.  (ECF No. 11 at 22.)  Amazon

23   Defendants also contend Plaintiff's wage statement claim is presumably derivative of her

24   inadequately pleaded unpaid wage claims and, therefore, must be dismissed.  (*Id.*)  In opposition,

25   Plaintiff argues her wage statement penalties claim is not merely a derivative allegation and

26   maintains it is independently actionable.  (ECF No. 14 at 16–17.)  Plaintiff also contends she

27   adequately pleaded a wage statement deficiency, particularly given that Amazon Defendants have

28   failed to provide employees with an accurate calculation of their gross and net wages.  (*Id.*)

1   Plaintiff further asserts her wage statement claim is adequately pleaded because the injury

2   requirement under California Labor Code § 226(a) is minimal and Amazon Defendants

3   intentionally failed to provide accurate wage statements.  (*Id.*)

4        California Labor Code § 226 ("§ 226") requires every employer to provide each of its

5   employees with accurate itemized wage statements that include, among other things, total hours

6   worked and the applicable hourly rate(s) of compensation.  *Willner v. Manpower Inc.*, 35 F. Supp.

7   3d 1116, 1127–30 (N.D. Cal. 2014); Cal. Lab. Code § 226(a).  An employee whose rights under §

8   226(a) are violated may recover damages under § 226(e).  *Willner*, 35 F. Supp. 3d at 1128.  To

9   state a claim under § 226, a plaintiff must plead factual allegations sufficient to raise a plausible

10   inference that: (1) the defendant did not provide an accurate wage statement in accordance with §

11   226(a)'s requirements; (2) the defendant's violation was knowing and intentional; and (3) the

12   plaintiff suffered a resulting injury.  *Derik Duley v. Centerra Group, LLC*, No. 2:19-cv-08754-AB

13   (JCx), 2020 WL 6526369, at *4 (C.D. Cal. March 18, 2020).  However, courts have held that

14   "[w]hen allegations of [an] underlying violation are combined with the allegation that defendant

15   'knowingly and intentionally' provided inaccurate wage statements, the combination 'is sufficient

16   to create a reasonable inference that the alleged wage statement violations resulted from knowing

17   and intentional conduct."  *Meraz-Valencia v. Westlake Royal Roofing, LLC*, No. 2:22-cv-00491-

18   DAD-AC, 2023 WL 2541852, at *5 (E.D. Cal. Mar. 16, 2023) (quoting *Hansber v. Ulta Beauty*

19   *Cosms., LLC*, No. 1:21-cv-00022-AWI-JLT, 2021 WL 4553649, at *7 (E.D. Cal. Oct. 5, 2021))

20   (noting that "should plaintiff adequately allege his meal break claim, his wage statement claim

21   predicated on the alleged failure to include premium pay for missed meal breaks will be

22   automatically reinstated").

23        Here, Plaintiff alleges "Defendants' failure to, at times, provide Plaintiff and Class

24   Members with accurate wage statements was knowing, intentional, and willful."  (ECF No. 1-2 ¶

25   77.)  As the Court has already detailed, Plaintiff adequately alleges her unpaid wage claims

26   (failure to provide overtime wages, minimum wages, and rest and meal period breaks).

27   Accordingly, "[w]hen put together, these allegations support Plaintiff['s] specific allegations that

28   [Defendant's] wage statement violations were knowing and intentional," which "is sufficient to

1  create the reasonable inference that the alleged wage statement violations resulted from knowing

2  and intentional conduct of [Defendant]."  *Hansber*, 2021 WL 4553649, at *7.  Accordingly,

3  Amazon Defendants' motion to dismiss the wage statement penalties claim is DENIED.

4                              vi.         *Claim Seven: Untimely Payment of Wages Claim*

5          Amazon Defendants also move to dismiss Plaintiff's seventh claim, but note that Plaintiff

6  agreed to the dismissal of this claim during the parties' meet and confer.  (ECF No. 11 at 22 n.1.)

7  Plaintiff does not address the seventh claim in opposition.  (ECF No. 14.)  Consequently, Plaintiff

8  concedes this argument.  *See Crandall v. Teamsters Loc. No. 150*, No. 2:23-CV-03043-KJM-

9  CSK, 2024 WL 3889916, at *5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff abandoned claims not

10  raised in opposition to defendants' motion to dismiss).  Accordingly, Amazon Defendants'

11  motion to dismiss the untimely payment of wages claim is GRANTED without leave to amend.

12                             vii.         *Claim Eight: Unreimbursed Business Expenses Claim*

13          Amazon Defendants argue Plaintiff fails to state a claim under California Labor Code §

14  2802 ("§ 2802") because Plaintiff does not allege if she actually incurred business expenses,

15  when she incurred her expenses, how much expense she incurred, or whether Amazon Defendants

16  knew that she incurred each of her expenses.  (ECF No. 11 at 23–24.)  Absent these supporting

17  facts, Amazon Defendants assert Plaintiff fails to state a plausible reimbursement claim.  (*Id.* at

18  24.)

19          In opposition, Plaintiff maintains she sufficiently pleads her § 2802 claim because her

20  alleged business expenses are part of her job duties.  (ECF No. 14 at 17 (citing *Taylor v. W. Mar.*

21  *Prods., Inc.*, No. C 13-04916 WHA, 2014 WL 1779279, at *5–6, 17 (N.D. Cal. May 3, 2014)).)

22  Plaintiff notes California federal district courts have regularly held there is no duty to

23  affirmatively request reimbursements and the California Supreme Court has interpreted § 2802 to

24  focus on "whether the employer knows or has reason to know that the employee has incurred a

25  reimbursable expense."  (*Id.* at 17–18 (citing *Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 845

26  (N.D. Cal. 2020); *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567 (2007)).)  Plaintiff

27  asserts her allegations make it clear that Amazon Defendants knew or should have known their

28  employees were incurring work related costs without compensation.  (*Id.* at 18.)

1    In reply, Amazon Defendants argue *Taylor* does not stand for the proposition that Plaintiff

2 need not identify the type of business expenses she incurred.  (ECF No. 16 at 8 (citing *Taylor*,

3 2014 WL 1779279, at *5).)  Rather, Amazon Defendants assert Plaintiff must plead facts to

4 suggest she has a plausible expense reimbursement claim, namely by identifying a single instance

5 when such a cost was actually incurred and not reimbursed.  (*Id.*)

6    Employers must indemnify employees for all necessary expenditures or losses incurred in

7 direct consequence of the discharge of an employee's duties or in obedience to the directions of

8 the employer.  *See* Cal. Lab. Code § 2802(a).  To state a claim under § 2802, a plaintiff must

9 explain: (1) how or when an employer failed to reimburse; (2) the specific nature of the business

10 expense at issue; (3) whether the employer knew such expenses were incurred; and (4) whether

11 the employer willfully refused to reimburse such expenses.  *Nelson v. Dollar Tree Stores, Inc.*,

12 No. 2:11-CV-01334 JAM, 2011 WL 3568498, at *3 (E.D. Cal. Aug. 15, 2011).  Plaintiff must

13 also "provide a single instance when such cost was actually incurred and not reimbursed."

14 *Gonzalez*, 2022 WL 4596579, at * 4 (citing *Krauss v. Wal-Mart, Inc.*, No. 2:19-CV-00838-JAM-

15 DB, 2019 WL 6170770, at *5 (E.D. Cal. Nov. 20, 2019)).

16    Here, the Court finds Plaintiff fails to state an unreimbursed business expense claim

17 against Amazon Defendants.  With respect to the second element, Plaintiff alleges "Defendants

18 have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in

19 laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal

20 vehicles for work-related purposes; using cellular phones for work related purposes; and

21 purchasing tools necessary to perform work duties."  (ECF No. 1-2 ¶ 21.)  However, Plaintiff fails

22 to set forth facts to establish the first, third, and fourth elements.  The Court rejects Plaintiff's

23 argument that merely pleading these expenses as part of her job is enough to support a

24 reimbursement claim.  *Taylor*, 2014 WL 1779279, at *6 (finding plaintiffs' allegations sufficient

25 to state a claim where plaintiffs showed travel expenses were job-related, were known to the

26 defendant, and defendant failed to compensate them).

27    The Court acknowledges Plaintiff's contention that California federal district courts have

28 regularly held that there is no duty to affirmatively request reimbursements.  *See, e.g.*, *Arroyo*,

17

611 F. Supp. 3d at 845 (determining an employer must act diligently to ensure reimbursement if aware of an employee's expense).  However, even if Plaintiff has no duty to request reimbursement, she nevertheless fails to allege any supporting factual allegations that show Amazon Defendants knew about the expenses and willfully refused to reimburse them.  *Krauss*, 2019 WL 6170770, at *5 (determining the plaintiff's bare assertions failed to demonstrate whether the defendant knew about work-related expenses); *Taylor*, 2014 WL 1779279, at *6 (holding plaintiffs adequately alleged defendant's knowledge of business expenses and failure to reimburse them under the company's travel reimbursement policy).  Without more, Plaintiff's bare assertion that Amazon Defendants knew or should have known that their employees were incurring work related costs without compensation is insufficient to state a business expense reimbursement claim.

Again, the Court cannot determine "that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez*, 203 F.3d at 1130.  Accordingly, Amazon Defendants' motion to dismiss the business expense reimbursement claim is GRANTED with leave to amend.

viii.     *Claim Nine: Failure to Pay for Unused and Vested Vacation Days Claim*

Amazon Defendants argue Plaintiff fails to provide factual assertions in support of Defendants' alleged vacation policy, Plaintiff's accrued vacation time, and Plaintiff's entitlement to wages for vested vacation days at the time of her termination.  (ECF No. 11 at 20.)  Plaintiff does not address the ninth claim in opposition.  (ECF No. 14.)  Consequently, Plaintiff concedes this argument.  *See Crandall*, 2024 WL 3889916, at *5 (finding plaintiff abandoned claims not raised opposition to defendants' motion to dismiss).  Accordingly, Amazon Defendants' motion to dismiss the untimely payment of wages claim is GRANTED without leave to amend.

ix.     *Claim Ten: Unfair Competition Law ("UCL") Claim*

Amazon Defendants argue that, except for Plaintiff's claim for sick leave under the California Healthy Workplaces Healthy Families Act, Plaintiff's UCL claim should be dismissed as derivative of her other inadequately alleged unpaid wage claims.  (ECF No. 11 at 24.)  Amazon Defendants also contend Plaintiff's UCL claim should be dismissed because Plaintiff fails to

1    plead facts demonstrating that she lacks an adequate legal remedy under her predicate California

2    Labor Code and California Healthy Workplaces Healthy Families Act claims.  (*Id.* at 25–26.)

3    Moreover, Amazon Defendants argue Plaintiff lacks standing to bring her UCL claim under the

4    California Healthy Workplaces Healthy Families Act because restitution is only available to

5    individuals who have suffered an actual loss of money and property related to an employer's

6    failure to provide its employees with sick leave.  (*Id.* at 26.)  To that end, Amazon Defendants

7    note Plaintiff fails to furnish any facts about a loss of money or property related to Amazon

8    Defendants' purported failure to comply with the California's sick leave law.  (*Id.*)

9        In opposition, Plaintiff asserts she properly alleges predicate violations under the

10    California Labor Code.  (ECF No. 14 at 19.)  Plaintiff also contends, in the absence of injunctive

11    relief, there is no remedy at law to stop Amazon Defendants from continuing to abide by the same

12    harmful actions and policies.  (*Id.* at 20.)  Moreover, Plaintiff maintains that injury is likely to

13    recur because Amazon Defendants' behavior is part of a pattern and practice of sanctioned

14    behavior.  (*Id.*)  Plaintiff further argues that, in the absence of her UCL claim, Plaintiff and other

15    class members will not be able to recover restitution of lost wages for the additional year that the

16    UCL statute of limitations covers.  (*Id.*)

17        In reply, Amazon Defendants argue Plaintiff fails to plead any plausible facts as to why

18    she lacks an adequate remedy at law — namely, Plaintiff does not allege facts as to how or why

19    damages are insufficient.  (ECF No. 16 at 8–9.)  Amazon Defendants further maintain Plaintiff's

20    injunction allegations are conclusory, especially since Plaintiff does not identify the unlawful

21    pattern or practice justifying Plaintiff's request for equitable relief.  (*Id.*)  Amazon Defendants

22    also assert allowing Plaintiff's UCL claim to survive so that Plaintiff can recover additional

23    wages under a longer statute of limitations runs contrary to Ninth Circuit precedent.  (*Id.* at 9–10

24    (citing *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022).)  Amazon Defendants

25    further contend Plaintiff does not address their arguments regarding an inadequate legal remedy

26    and lack of entitlement to restitution under the California Healthy Workplaces Healthy Families

27    sick leave law, effectively conceding to the arguments' validity.  (*Id.* at 10.)

28    ///

19

1      California's UCL prohibits unfair competition, including unlawful, unfair, and fraudulent

2  business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (citing

3  Cal. Bus. & Prof. Code § 17200(2)(a)). "To state a claim under the unlawful prong of the UCL, a

4  plaintiff must plead: (1) a predicate violation[;] and (2) an accompanying economic injury caused

5  by the violation." *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 921 (E.D. Cal.

6  2020) (quoting *Shelton v. Ocwen Loan Servicing*, No. 18-CV-02467-AJB-WVG, 2019 WL

7  4747669, at *10 (S.D. Cal. Sept. 30, 2019)). "By proscribing any unlawful business practice, the

8  UCL borrows violations of other laws and treats them as unlawful practices that the unfair

9  competition law makes independently actionable." *Id.* (citing *Alvarez v. Chevron Corp.*, 656 F.3d

10  925, 933 n.8 (9th Cir. 2011)).

11      "While the scope of conduct covered by the UCL is broad, its remedies are limited."

12  *Korea Supply Co.*, 29 Cal. 4th at 1143. Indeed, a UCL action is equitable in nature and does not

13  entitle plaintiffs to a claim for damages. *Id.* When a state law claim for equitable relief is before

14  a federal court, "'[t]he necessary prerequisite' for a court to award equitable remedies is 'the

15  absence of an adequate remedy at law.'" *Barranco v. 3D Sys. Corp.*, 952 F.3d 112, 1129 (9th Cir.

16  2020) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)); *see also Thompson v.

17  Fastaff, LLC*, No. 2:22-cv-3584-SVW-MAA, 2022 WL 4109450, at *8 (C.D. Cal. Sept. 8, 2022)

18  (granting defendants' motion to dismiss the plaintiffs' UCL claim for failure to allege why legal

19  remedies are inadequate); *Fanckowiak v. Scenario Cockram USA, Inc.*, No. CV 20-8569-

20  JFW(PVCx), 2020 WL 9071697, at *3 (E.D. Cal. Nov. 30, 2020) (holding that a plaintiff failed to

21  allege an inadequate remedy at law because her requests for restitution and injunctive relief were

22  premised on unpaid wages). For that reason, courts will only allow a plaintiff to recover

23  injunctive relief or restitution under a UCL claim if the plaintiff lacks an adequate remedy at law.

24  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("Sonner must establish

25  that she lacks an adequate remedy at law before securing equitable restitution for past harm under

26  the UCL[.]"); *Guzman*, 49 F.4th at 1312 (stating that equitable relief must be withheld when an

27  equivalent legal claim would have been available but for a time bar).

28  ///

1    Here, to the extent Plaintiff seeks restitution under the Healthy Workplaces Healthy

2  Families Act, the Court finds Plaintiff's silence in her opposition concedes Amazon Defendants'

3  argument regarding her failure to allege actual loss of money and property under Amazon

4  Defendants' failure to comply with this law. *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010

5  WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and

6  therefore concedes it through silence").  The Court otherwise finds Plaintiff's Complaint fails to

7  allege an inadequate legal remedy for *any* predicate claim.  (ECF No. 1-2.)  In fact, the Court

8  finds Plaintiff's request for damages under the California Labor Code to be identical to her

9  request for equitable relief. *Fanckowiak*, 2020 WL 9071697, at *3.  Plaintiff's Complaint

10  requests damages for unpaid minimum wages, overtime wages, and wages from missed meal and

11  rest periods.  (ECF No 1-2 at 25.)  Plaintiff's requested relief mirrors her claim that she and other

12  class members are entitled to "restitution of all wages and other monies owed to them under the

13  Labor Code, including interest thereon, in which they had a property interest and which

14  Defendants nevertheless failed to pay them and instead withheld and retained for themselves."

15  (ECF No. 1-2 ¶ 104.)  Without more, Plaintiff fails to demonstrate she suffers from an inadequate

16  remedy at law, thereby barring her ability to seek restitution or an injunction under the UCL.

17  *Sonner*, 971 F.3d at 844.

18    The Court acknowledges that injunctive relief is available to plaintiffs who face a "real

19  and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).

20  However, Plaintiff does not provide specific factual findings that document the threat of future

21  harm to Plaintiff and other class members.  Plaintiff's Complaint alleges injunctive relief is

22  appropriate to prohibit Amazon Defendants from further violating the Labor Code and requiring

23  the establishment of appropriate and effective means of preventing further violations.  (ECF No.

24  1-2 ¶ 104.)  While Plaintiff alleges sufficient facts to support her predicate unpaid wage claims, at

25  this stage of litigation, the Court cannot determine from the Complaint that the "possibility of

26  recurring injury ceases to be speculative." *Armstrong v. Davis*, 275 F. 3d 849, 861 (9th Cir.

27  2001) (determining that diligent, detailed, and comprehensive factual findings formed an

28  adequate basis for defendants' repeated violations).

1      Moreover, Plaintiff cites no authority indicating that a plaintiff is entitled to restitution

2 simply because she cannot recover wages for an additional year.  In fact, the Court finds quite the

3 opposite to be true.  *Thompson*, 2022 WL 4109450, at *8 ("Plaintiffs in fact seek all unpaid

4 wages and sums unlawfully withheld from them . . . [i]t is unclear to the Court why these legal

5 damages would be inadequate to satisfy their claim.").  For that reason, the Court agrees with

6 Amazon Defendants' reliance on Ninth Circuit precedent in *Guzman*, especially since a "[f]ailure

7 to comply with a remedy at law does not make it inadequate so as to require the district court to

8 exercise its equitable jurisdiction."  49 F.4th at 1312.

9      Accordingly, Amazon Defendants' motion to dismiss the UCL claim is GRANTED

10 without leave to amend.[4]

11                          x.      *Commonality Among Class Members*

12      Amazon Defendants argue Plaintiff fails to allege commonality among class members

13 because Plaintiff does not identify how every class member is impacted by a common policy or

14 practice.  (ECF No. 11 at 27.)  In fact, Amazon Defendants contend Plaintiff negates the existence

15 of a common policy or practice causing harm to the class as a whole because the Complaint

16 alleges that Amazon Defendants "at times" caused injury to "Plaintiff and Class Members, or

17 some of them."  (*Id.*)

18      In opposition, Plaintiff asserts she establishes commonality for the entire class because

19 Amazon Defendants' policies and practices resulted in each class member experiencing

20 California Labor Code violations at least once.  (ECF No. 14 at 22.)  Plaintiff also contends a

21 Rule 12(b)(6) motion is not a proper vehicle for dismissing class claims.  (*Id.* at 22–23.)

22 ///

23 _____

24 [4]      Although the Court recognizes that there is a liberal policy favoring amendments and that
leave to amend should be freely granted, the Court is not required to grant leave to amend if the
Court determines that permitting a plaintiff to amend would be an exercise in futility.  *Rutman*
25 *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  In the instant case, Plaintiff
cannot amend her Complaint to show why the remedies she seeks under the California Labor
26 Code are inadequate.  Even if Plaintiff includes additional facts related to her loss of money or
property, Plaintiff will not be able to state a viable UCL claim against Amazon Defendants
27 because equitable relief is not appropriate where an adequate legal remedy exists.  *Sonner*, 971
F.3d at 844.
28

1    In reply, Amazon Defendants assert that courts dismiss class allegations under Rule

2    12(b)(6) when, as here, plaintiffs fail to state the basis for the existence of a class.  (ECF No. 16 at

3    10.)  Amazon Defendants argue Plaintiff fails to establish the existence of a class because she

4    does not present any facts plausibly suggesting a common, unlawful policy or practice that caused

5    all their employees to suffer violations under the California Labor Code.  (*Id.* at 10–11.)

6    Class claims "must [be] supported by sufficient factual allegations demonstrating that the

7    class device is appropriate and discovery on class certification is warranted."  *Jue v. Costco*

8    *Wholesale Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010).  An

9    essential element of the class device is that the named plaintiff's "claims must depend on a

10    common contention" and "[t]hat common contention . . . must be of such a nature that it is

11    capable of class-wide resolution — which means that determination of its truth or falsity will

12    resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*

13    *Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  "Commonality is generally satisfied

14    where . . . the lawsuit challenges a system-wide practice or policy that affects all of the putative

15    class members."  *Wise v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 1:17-cv-00853-DAD-

16    EPG, 2019 WL 3943859, at *4 (E.D. Cal. Aug. 21, 2019) (internal quotations and citation

17    omitted).  Generally, Rule 12(b)(6) is not a proper vehicle for dismissing class claims, but district

18    courts dismiss class allegations under the *Twombly*/*Iqbal* standard where the complaint "lacks *any*

19    factual allegations and reasonable inferences that establish the plausibility of class allegations."

20    *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6,

21    2021) (emphasis in original).  Under the commonality requirement, courts will dismiss class

22    allegations where the named plaintiff fails to allege facts that plausibly suggest putative class

23    members were subject to the same policies or had sufficiently similar work experiences.  *Id.*

24    Here, Plaintiff does not adequately allege facts indicating every class member suffered

25    from a system-wide practice or policy that resulted in the same violations under California's

26    Labor Code.  Plaintiff alleges the proposed class action stems from the following common

27    questions: (1) whether Amazon Defendants violated California Labor Code § 510 and § 1194 by

28    failing to pay all hours worked at a proper overtime rate of pay; (2) whether Amazon Defendants

violated California Labor Code § 510, § 1194, and § 1197 by failing to pay for all other time worked at the employee's regular rate of pay and at a rate that is greater than the applicable minimum wage; and (3) whether Amazon Defendants violated California Labor Code § 512 by not authorizing or permitting class members to take compliant meal periods.  (ECF No. 1-2 ¶ 31.)  Plaintiff raises common questions, but it is unclear whether Amazon Defendants' alleged conduct forms the basis of each of class members' claims.  Plaintiff repeatedly prefaces each of Amazon Defendants' alleged Labor Code violation with the contention that Amazon Defendants have, at times, caused injury to "Plaintiff and Class Members, or some of them."  (ECF No. 1-2 ¶¶ 14–21.)  Without more, the Court cannot agree with Plaintiff's assertion that every class member suffered from the same California Labor Code violations at least once.  For example, it is unclear whether two employees out of five missed a rest break while the other three did not get paid overtime wages.  If that is the case, then it is not necessarily true that all class members suffered the same injury at least once.  For that reason, such conclusory allegations fail to plausibly suggest the existence of a class who collectively suffered under Amazon Defendants' unlawful policies and practices.  *See Dukes*, 564 U.S. at 350.

Again, the Court cannot determine "that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez*, 203 F.3d at 1130.  Accordingly, Amazon Defendants' motion to dismiss the class allegations is GRANTED with leave to amend.

### III.   MOTION TO STRIKE

#### A.   Standard of Law

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A court will only consider striking a defense or allegation if it fits within one of these five categories.  *Yursik v. Inland Crop Dusters Inc.*, No. 11-cv-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f) motions are "generally

1    regarded with disfavor because of the limited importance of pleading in federal practice, and

2    because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.

3    Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies

4    within the sound discretion of the district court." *Id.*

5                  B.       <u>Analysis</u>

6          Amazon Defendants argue the Court should strike Plaintiff's class allegations because the

7    Complaint demonstrates that a class cannot be maintained. (ECF No. 11 at 14.) The Court denies

8    Defendant's motion to strike Plaintiff's class allegations as premature and moot because the Court

9    dismisses some of Plaintiff's claims with leave to amend. "It is denied without prejudice to

10    renewal at a more appropriate time, once there is an operative complaint and discovery has

11    occurred." *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 986 (N.D. Cal. July 17, 2019)

12    ("Of course [the motion to strike class allegations] is moot given the dismissal of the complaint

13    [with leave to amend]."). Further, "striking is severe and disfavored," and "many courts have

14    declined to so rule solely on the basis of the allegations in a complaint, preferring to address the

15    propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, No.

16    CV 07–01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007); *Cholakyan v.*

17    *Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that while "class

18    allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion

19    for class certification"). Accordingly, Amazon Defendants' motion to strike is DENIED as moot

20    and premature.

21            **IV.**    **CONCLUSION**

22          For the foregoing reasons, the Court GRANTS in part and DENIES in part Amazon

23    Defendants' Motion to Dismiss (ECF No. 11) as follows:

24          1.       Amazon Defendants' motion to dismiss the Complaint based on group pleading is

25                 DENIED;

26          2.       Amazon Defendants' motion to dismiss Claims One, Two, Three, Four, and Six is

27                 DENIED;

28          3.       Amazon Defendants' motion to dismiss Claims Seven, Nine, and Ten is

1    GRANTED without leave to amend;

2    4.    Amazon Defendants' motion to dismiss Claims Five, and Eight is GRANTED

3    with leave to amend; and

4    5.    Amazon Defendants' motion to dismiss the class allegations is GRANTED with

5    leave to amend.

6    The Court also DENIES Amazon Defendants' Motion to Strike the class allegations as

7    moot.  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic

8    filing date of this Order.  Amazon Defendants shall file a responsive pleading not later than

9    twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff opts

10   not to file an amended complaint, the case will proceed on Plaintiff's remaining claims.

11   IT IS SO ORDERED.

12   Date: March 21, 2025

13

14

15   _____

16   TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28