**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (Cal. Bar No. 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JANIE DAYANA GARCIA GARCIA and
on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIE DAYANA GARCIA GARCIA, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br><br>ANANE ENTERPRISE LLC, a California limited liability company; AMAZON LOGISTICS, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; AMAZON.COM SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.: 2:24-cv-01993-TLN-CKD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAGE STATEMENT VIOLATIONS;<br><br>6. FAILURE TO INDEMNIFY;<br><br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

1  Plaintiff JANIE DAYANA GARCIA GARCIA, on behalf of herself and all
2  others similarly situated, alleges as follows:

3  **GENERAL ALLEGATIONS**

4  **INTRODUCTION**

5  1.      This is a Class Action, pursuant to Code of Civil Procedure section 382,
6  against ANANE ENTERPRISE LLC, and any of its respective subsidiaries or affiliated
7  companies within the State of California ("ANANE"); AMAZON LOGISTICS, INC.
8  and any of its respective subsidiaries or affiliated companies within the State of
9  California ("ALI"); AMAZON.COM SERVICES, INC. and any of its respective
10  subsidiaries or affiliated companies within the State of California ("ASI") and
11  AMAZON.COM SERVICES LLC and any of its respective subsidiaries or affiliated
12  companies within the State of California ("ASL," together with ANANE, ALI, ASI,
13  and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff
14  and all other current and former non-exempt California employees employed by or
15  formerly employed by Defendants ("Class Members").

16  **PARTIES**

17  **A.    Plaintiff**

18  2.      Plaintiff JANIE DAYANA GARCIA GARCIA is a resident of the State
19  of California.  At all relevant times herein, Plaintiff is informed and believes, and based
20  thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with
21  duties that included, but were not limited to, sorting packages, putting packages on
22  shelves, in trucks and also deliver packages to clients.  Plaintiff is informed and
23  believes, and based thereon alleges, that Plaintiff JANIE DAYANA GARCIA
24  GARCIA worked for Defendants from approximately June of 2022 through
25  approximately the present.

26  **B.    Defendants**

27  3.      Plaintiff is informed and believes and based thereon alleges that defendant

28

ANANE is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County of San Joaquin, State of California.

1.     Plaintiff is informed and believes and based thereon alleges that defendant ALI is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Joaquin, State of California.

2.     Plaintiff is informed and believes and based thereon alleges that defendant ASI is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Joaquin, State of California.

4.     Plaintiff is informed and believes and based thereon alleges that defendant ASL is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Joaquin, State of California.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore

or hereinafter, reference is made to "Defendants," it shall include ANANE, ASL, ALI, ASI, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## **JOINT LIABILITY ALLEGATIONS**

6.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

7.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.      Plaintiff is further informed and believes and based thereon alleges that DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.      Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.      Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of ANANE, ASL, ALI, ASI and

DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

    A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

    B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

    C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

    D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

11.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

12.   This court has determined that this court has jurisdiction.

## FACTUAL BACKGROUND

13.   For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under

Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; to the detriment of Plaintiff and Class Members.

14.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

15.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members,

or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

16.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

17.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, and premium wages.

18.    For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

19.    For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as

1  required under Labor Code section 204.

2      20.    For at least three (3) years prior to the filing of this action and continuing

3  to the present, Defendants have, at times, failed to indemnify Class Members, or some

4  of them, for the costs incurred in laundering mandatory work uniforms; mileage and/or

5  gas costs incurred in driving personal vehicles for work-related purposes; using cellular

6  phones for work-related purposes; and purchasing tools necessary to perform work

7  duties.

8      21.    For at least four (4) years prior to the filing of this action and continuing

9  to the present, Defendants have had a consistent policy of failing to provide Plaintiffs

10  and similarly situated employees or former employees within the State of California

11  with the rights provided to them under the Healthy Workplace Heathy Families Act of

12  2014, codified at Labor Code section 245, *et seq.*

13      22.    Plaintiff, on their own behalf and on behalf of Class Members, brings this

14  action pursuant to, including but not limited to, Labor Code sections 200, 201, 202,

15  204, 226, 226.7, 227.3, 245, *et seq.,* 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and

16  California Code of Regulations, Title 8, section 11040, seeking overtime wages,

17  minimum wages, payment of premium wages for missed meal and rest periods, failure

18  to pay timely wages, wage statement penalties, requiring an agreement in writing to

19  terms and/or conditions which Defendants know is prohibited by law; failure to

20  indemnify work-related expenses, other such provisions of California law, and

21  reasonable attorneys' fees and costs.

22      23.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members,

23  pursuant to Business and Professions Code sections 17200 through 17208, also seeks

24  (an) injunction(s) prohibiting Defendants from further violating the Labor Code and

25  requiring the establishment of appropriate and effective means to prevent further

26  violations, as well as all monies owed but withheld and retained by Defendants to which

27  Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

28

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

25.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

26.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.     Numerosity

27.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

28.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B.     Commonality

29.     There are questions of law and fact common to Class Members.  These

common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

I. Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

J. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

L.    Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

M.    Are Class Members entitled to costs and attorneys' fees?

N.    Are Class Members entitled to interest?

**C.    Typicality**

30.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

31.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

32.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

33.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

34.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

35.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

36.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

37.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

38.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-

shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; to the detriment of Plaintiff and Class Members.

39. Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

40. Plaintiff is informed and believes that employees were not paid for all overtime hours worked in conformity with California law as a result of the general policies and practices employed by Defendants. Each and every single violation Plaintiff suffered and complains of were directly related to company wide policies and the timekeeping system used by Defendants. For example, Defendants' never told employees that time spent waiting in line to clock in and time spent donning and doffing uniforms is compensable time, and employees were never compensated for this time. Thus, Plaintiff is informed and believes at the early pleading stage that the acts and omissions that caused Plaintiff to perform work without proper compensation is not an individualized issue, but rather is a companywide issue that affected each and every class member.

41.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## **SECOND CAUSE OF ACTION**

### **(Failure to Pay Minimum Wages – Against All Defendants)**

42.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

43.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

44.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

45.    For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and

1    failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

2        46.        Plaintiff is informed and believes that employees were not paid minimum

3    wages for all hours worked in conformity with California law as a result of the general

4    policies and practices employed by Defendants. Each and every single violation

5    Plaintiff suffered and complains of were directly related to company wide policies and

6    the timekeeping system used by Defendants. For example, Defendants' never told

7    employees that time spent waiting in line to clock in and time spent donning and doffing

8    uniforms is compensable time, and employees were never compensated for this time.

9    Thus, Plaintiff is informed and believes at the early pleading stage that the acts and

10   omissions that caused Plaintiff to perform work without proper compensation is not an

11   individualized issue, but rather is a companywide issue that affected each and every

12   class member.

13       47.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members

14   have suffered damages in an amount, subject to proof, to the extent they were not paid

15   minimum wages for all hours worked or otherwise due.

16       48.        Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil

17   Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class

18   Members are entitled to recover the full amount of unpaid minimum wages, interest

19   and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

20                        **THIRD CAUSE OF ACTION**

21              **(Failure to Provide Meal Periods – Against All Defendants)**

22       49.        Plaintiff realleges and incorporates by reference all of the allegations

23   contained in the preceding paragraphs as though fully set forth hereat.

24       50.        At all relevant times, Plaintiff and Class Members were employees or

25   former employees of Defendants covered by Labor Code section 512 and applicable

26   Wage Orders.

27       51.        Pursuant to Labor Code section 512 and applicable Wage Orders, no

28

employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

52.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

53.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

54.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

55.     Plaintiff is informed and believes that each and every employee working for Defendants was not provided a proper meal break in violation of California law and was not provided with meal break premiums when meal breaks would not conform with California law. Plaintiff is informed and believes that this is a direct result of

Defendants' policies and procedures along with a shortcoming of Defendants' timekeeping system. For example, Plaintiff would regularly have her meal break be interrupted to perform something called "Rescues." During these "Rescues," Plaintiff would assist other employees with the delivery and loading of their packages. This was something done by not only her, but all of her coworkers as well. Plaintiff was told that it was company policy to assist with these "Rescues" whenever they came in, even when employees were on rest breaks. Plaintiff was never paid any meal break premiums for when her meal breaks were interrupted on these "Rescues."

56.      Plaintiff is informed and believes that none of Defendants' employees were paid meal break premiums for the interruption of their meal breaks as a result of these "Rescues," or for any other reason such as if employees were asked work related questions by their supervisors, were asked to complete deliveries while on meal breaks, or if employees were told to clock out and continue working as a direct result of Defendants' policies, practices, procedures and timekeeping systems.

57.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

58.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## **FOURTH CAUSE OF ACTION**

### **(Failure to Provide Rest Periods – Against All Defendants)**

59.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

60.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

61.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

62.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

64.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

65.        Plaintiff is informed and believes that each and every employee working for Defendants was not provided a proper rest break in violation of California law and was not provided with rest break premiums when rest breaks would not conform with California law. Plaintiff is informed and believes that this is a direct result of Defendants' policies and procedures along with a shortcoming of Defendants' timekeeping system. Plaintiff states that there was nowhere employees could record whether or not rest breaks were timely, short, interrupted, or even if rest breaks were even taken. Plaintiff also states Defendants never properly explained to employees the process of reporting missed rest breaks and that employees were entitled to rest break premiums should rest breaks be short, missing, interrupted, or untimely. Plaintiff is also informed and believe that neither she nor any other employee working for Defendant was ever paid any rest break premiums throughout the class period.

66.        Based on what is pleaded above, Plaintiff is informed and believes that employees were deprived of rest breaks that are in compliance with California law and were not paid rest break premiums for such violations as a result of a systematic shortcoming of Defendants' policies and procedures along with a shortcoming of Defendants' timekeeping system.

67.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

68.        Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

///

///

**FIFTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

69.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

70.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

71.      Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

72.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

73.      Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

74.      As a result of Defendants' systematic failure to pay employees for all

hours worked, failures to ensure meal and rest breaks were properly taken, and failure in Defendants timekeeping systems to pay premiums for violative rest breaks, meal breaks, and to record all hours employees worked, the wage statements provided to employees failed to, at times, accurately enumerate the hours employees worked and wages employees were entitled to. Defendants' failure is a direct result of Defendants' faulty policies, practices, and procedures, along with the timekeeping system that is applicable to all non-exempt hourly employees working in the state of California.

75. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

76. Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

77. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

### SIXTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

78. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

79.　　At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

80.　　Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

81.　　For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

82.　　Defendants knowingly required Plaintiff and other class members to incur these work related costs but failed to reimburse employees. For example, Plaintiff states that she and her coworkers used their cellphones to scan packages they were delivering and loading onto vehicles, as well as use their cellphones for workplace communications. Defendants, by and through the acts of their supervisors, required employees to use their cellphones for these purposes and knowingly failed to reimburse employees for the costs of using their cellphones. Plaintiff was told by her superiors that this was company policy and that all employee were required to comport with this policy.

83.　　During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class Members for those losses and/or expenditures.

84.　　As a result of Defendants' unlawful conduct, Plaintiff and Class Members

have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

85.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## DEMAND FOR JURY TRIAL

86.    Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.    An order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

D.    Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E.    Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

H.    Penalties to timely pay wages under Labor Code section 210;

I.    Damages under Labor Code sections 2802 and 558.1;

K.    Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future

violations;

L.     Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M.     Prejudgment and post-judgment interest at the maximum rate allowed by law;

N.     For attorneys' fees in prosecuting this action;

O.     For costs of suit incurred herein; and

P.     For such other and further relief as the Court deems just and proper.

Dated:  April 22, 2025                    BIBIYAN LAW GROUP, P.C.


BY: /s/ Rafael Yedoyan

DAVID D. BIBIYAN
SARAH H. COHEN
RAFAEL YEDOYAN
Attorneys for Plaintiff JANIE DAYANA
GARCIA GARCIA and on behalf of all others
similarly situated